## CRAGIN *v.* LOVELL, Executor.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF LOUISIANA.

### SAME *v.* SAME.

APPEAL FROM THE SAME COURT.

Argued together November 1st, 1883.--Decided November 12th, 1883.

*Action—Contract—Default—Equity—Error, writ of—Judgment—Louisiana Code—Principal and Agent—Promissory Note.*

A defendant, against whom a judgment has been rendered on default by a circuit court of the United States in an action at law, cannot maintain a bill in equity to avoid it, upon the ground that the plaintiff at law falsely and fraudulently alleged that the parties were citizens of different States, without showing that the false allegation was unknown to him before the judgment.

Upon a negotiable promissory note, made by an agent in his own name, and not disclosing on its face the name of the principal, no action lies against the principal.

In an action at law, the declaration alleged that the plaintiff sold land to a third person, who gave his notes for the purchase money, secured by mortgage of the land ; that afterward the defendant, in a suit by him against that person, claimed the ownership of the land, and alleged that the other

person, acting merely as his agent, illegally made the purchase in his own name, and that he was liable and ready to pay for the land ; {¹    he was thereupon adjudged to be the owner of the land, and took possession thereof ; and that by reason of the premises the defendant was liable to the plaintiff in the full amount of the notes: *Held,* that the declaration showed no cause of action, even under art. 1890 of the Civil Code, and art. 35 of the Code of Practice of Louisiana.

A judgment, rendered on default, upon a declaration setting forth no cause of action, may be reversed on writ of error, and the case remanded with directions that judgment be arrested.

These two cases were argued together.    Eliza A. Quitman, the defendant in error and appellee, having died since the judgment below, William S. Lovell, her executor, appeared in her stead.

In the action at law, she filed a petition against George D. Cragin in the Circuit Court of the United States for the District of Louisiana, alleging that she was a citizen of New York and he was a citizen of Louisiana ; that on the 31st of January, 1878, she sold a plantation to Orlando P. Fisk, for the price of $22,500, of which the sum of $4,500 was paid in cash, and for the rest of which nine notes of Fisk were given, for $2,000 each, payable in successive years, and secured by a mortgage of the estate ; that Cragin had paid the first three of the notes, and the petitioner, by foreclosure and sale of the estate under the mortgage, had obtained the sum of $10,447.05, to be credited on the remaining notes under date of May 1, 1874 ; and further alleging as follows:

"Now your petitioner represents that George D. Cragin is and was the real owner of said property, and liable to your petitioner, for the following reasons, viz :

" That subsequently to the said purchase of property by said Fisk, by a certain proceeding filed in this honorable court, the said Cragin did claim the entire ownership of the said property, and did claim that the purchase made in the name of the said Fisk was illegally entered in his own name by said Fisk, who was acting merely as the agent of said Cragin, and that the amount of the purchase price of said property paid in cash, as well as the first and second notes aforesaid, were made by said Fisk with the money of said Cragin, and that he, said Cragin, was liable for and ready to pay for said property ; that thereafter,

in due course of law, and after proper proceedings, the said Cragin was adjudged by this honorable court, by final decree, to be the owner of said property, and the matters and things in said petition contained were found to be true and correct.

"That pending said proceedings the said George D. Cragin was and in said case appointed the receiver of said plantation, so sold by your petitioner as aforesaid, and that, acting as such receiver, and subsequently as such owner of said plantation, he did remove therefrom all the movable property thereon, and which existed thereon at the date of the sale by your petitioner to said Fisk, of a value exceeding $1,000, and did lay waste and dilapidate the said property, to benefit his adjoining plantation, and to the detriment of your petitioner's rights.

"Petitioner further avers, that by reason of the causes aforesaid the said George D. Cragin is liable and indebted unto your petitioner in the full amount of said notes, less the credit due as aforesaid, for which amicable demand has been made without avail."

The record showed that Cragin was served with process in Louisiana, and, not appearing, was defaulted, and judgment was rendered for the plaintiff in the sum claimed (which was shown by computation and agreement of counsel to be $6,888.40), and the defendant sued out a writ of error, which was the first of the cases.

The other case was an appeal from a decree of the same court, dismissing upon demurrer a bill in equity, filed by Quitman against Cragin to annul and avoid the judgment aforesaid and to restrain the issue of execution thereon. The bill set forth the proceedings in the suit at law; and its only other material allegations were, that the Circuit Court had no jurisdiction of that suit, because both parties were citizens of New York; and that Quitman, knowing that fact, falsely and fraudulently alleged Cragin to be a citizen of Louisiana, and illegally and unjustly obtained judgment by default against him.

*Mr. J. D. Rouse* and *Mr. William Grant,* for Cragin, cited in the suit at law *Meyers* v. *Davis,* 6 Blatchford, 77; *Candler* v. *Rossiter,* 10 Wend. 488; *Ninan* v. *Bland,* 3 Smith (King's Bench),

114; *Morris* v. *Norfolk,* 1 Taunton, 212,217; Story on Agency, § 461; *Daniels* v. *Burnham,* 2. La. 243; Louisiana Code, art. 2234–6, 2276; *Succession of Tete,* 7 La. Ann. 95; *Beckham* v. *Drake,* 9 M. & W. 79; *Spencer* v. *Field,* 10 Wend. 88; *Townsend* v. *Hubbard,* 4 Hill, 351; *Fowler* v. *Schearer,* 7 Mass. 14; *Brinsley* v. *Munn,* 2 Cush. 337; *Stackpole* v. *Arnold,* 11 Mass. 27; *Delbitt* v. *Walton,* 9 N. Y. 571; *Eastern Railroad Co.* v. *Benedict,* 5 Gray, 566; *Metcalf* v. *Williams,* 104 U. S. 93; *Tyler* v. *Steele,* 26 Ala. 487; *Maignan* v. *Glaisses,* 4 La. 1; *Dabadie* v. *Poydras,* 3 La. Ann. 153; *Belmont* v. *Coneau,* 22 N. Y. 438; *Balfour* v. *Chew,* 4 Martin, N. S. (La.) 154; *McAuley* v. *Hagan,* 6 Rob. (La.) 359; *Tuthill* v. *Wilson,* 90 N. Y. 423; *Thompson* v. *Davenport,* 9 B. & C. 78; *Hyde* v. *Wolf,* 4 La. 234.; *Rushton* v. *Aspinwall,* 2 Doug. 679, 683; *Spier* v. *Parker,* 1 T. R. 141; *Slocum* v. *Pomeroy,* 6 Cranch, 221.

*Mr. Joseph P. Hornor,* and *Mr. W. S. Benedict,* for Lovell, in the suit at law contended that Cragin, having alleged in his bill in equity against .Fisk that he was liable to pay for and ready to pay for the property, by the laws of Louisiana Lovell could enforce this stipulation.

Civil Code of Louisiana: "ART. 1890. A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract cannot be revoked." . *Bank* v. *Burke,* 4 Rob. (La.) 440, 441; *Myers* v. *Perry,* 1 La. Ann. 372; *Bank* v. *Lawless,* 3 La. Ann. 129; *Bonnafe* v. *Lane,* 5 La. Ann. 225. And in the case of *Hendrick* v. *Lindsay,* 93 U. S. Rep. 143, this court held: " It is now the prevailing rule in this country that a party may maintain assumpsit on a promise not under seal made to another for his benefit." In *Brewer* v. *Dyer,* 7 Cush. 337, the defendant made a written promise to the lessee. of a shop to take his lease (which was under seal) and pay the rent to the lessor according to its terms, entered into the possession of the shop with the lessor's knowledge, paid him the rent quarterly for a year, and then,

before the expiration of the lease, left the shop, and was held liable to an action by the lessor for the rent subsequently accruing, and this was distinctly approved in *Exchange Bank* v. *Rice,* 107 Mass. 42.

The former proceeding was against the property, not against the agent. Lovell is not therefore precluded from proceeding against Cragin the principal.

Mr. Justice Gray delivered the opinion of the court. After reciting the facts as above stated, he continued:

It is quite clear that the bill in equity was rightly dismissed, because it contains no allegation that Cragin did not know, before the judgment against him in the suit at law, that the plaintiff in that suit alleged that he was a citizen of Louisiana. If he did then know it, he should have appeared and pleaded in abatement; and equity will not relieve him from the consequence of his own negligence. *Jones* v. *League,* 18 How. 76; *Crim* v. *Handley,* 94 U. S. 652. The decree in the suit in equity must therefore be affirmed.

But it is equally clear that the judgment at law is erroneous. The petition shows no privity between the plaintiff and Cragin. It alleges no promise or contract by Cragin to or with the plaintiff. The mere description of the notes received by the plaintiff, as "notes of Fisk," does not show that they were not negotiable instruments, but on the contrary, in the connection in which it is used, and applied to notes given for the purchase money of land and secured by mortgage thereof, designates (as was assumed by both counsel at the argument) negotiable promissory notes, bearing no name but that of Fisk as maker; and on such notes no action will lie against any other person. *Nash* v. *Towne,* 5 Wall. 689, 703; *Williams* v. *Robbins,* 16 Gray, 77; *In re Adansonia Fibre Co.,* L. R. 9 Ch. 635; *Daniels* v. *Burnham,* 2 La. 243, 245. The case does not come within the decisions in *Mechanics' Bank of Alexandria* v. *Bank of Columbia,* 5 Wheat. 326, in *Metcalf* v. *Williams,* 104 U. S. 93, and *Hitchcock* v. *Buchanan,* 105 U. S. 416, in each of which the name of the principal appeared upon the face of the note.

If the action is treated, not as an action upon the notes

themselves, but as an action to recover the amount of the notes, by reason of a subsequent agreement of Cragin to pay them, the plaintiff fares no better. The only allegations touching the relation of Cragin to these notes are, that, in a suit by him against Fisk, he alleged that Fisk in purchasing the land acted merely as his agent, and that he owned the land and was liable and ready to pay for it; and that he was thereupon adjudged to be the owner of the land and took possession thereof. If this amounted to a promise to any one, it was not a promise to the plaintiff, nor even a promise to Fisk to pay to the plaintiff the amount of the notes, but it was, at the utmost, a promise to Fisk to pay that amount to him, or to indemnify him in case he should have to pay it. It is therefore not within the provisions of the Louisiana Codes, cited in argument;* and the defendant is liable to an action at law by Fisk only, and not by the plaintiff. *National Bank* v. *Grand Lodge*, 98 U. S. 123; *Exchange Bank* v. *Rice*, 107 Mass. 37; *M'Cauley* v. *Hagan*, 6 Rob. La. 359. The final allegation, that by reason of the causes aforesaid, the defendant is indebted and liable to the plaintiff, is a mere conclusion of law, which is not admitted by demurrer or default. *Hollis* v. *Richardson*, 13 Gray, 392.

The judgment, having been rendered on default upon a declaration setting forth no cause of action, may be reversed on writ of error. *McAllister* v. *Kuhn*, 96 U. S. 87; *Hollis* v. *Richardson*, above cited; *Louisiana Bank* v. *Senecal*, 9 La. 225. This court, on reversing a judgment of the circuit court, may

---

* "A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract cannot be revoked." Louisiana Civil Code of 1870, art. 1890.

"An equitable action is that which does not immediately arise from a contract, but from equity in favor of a third person, not a party to it, and for whose benefit certain stipulations have been made; thus, if one stipulated in a contract entered into with another person, and as an express condition of that contract, that this person should pay a certain sum on his account, or give a certain thing to a third person, not a party to the act, that third person has an equitable action against the one who has contracted the obligation, to enforce the execution of the stipulation." Louisiana Code of Practice, art. 35.

order such judgment for either party as the justice of the case may require. Rev. Stat. § 701; *Insurance Cos.* v. *Boykin*, 12 Wall. 433. In the case at bar, the order, following the precedent of *Slacum* v. *Pomery*, 6 Cranch, 221, will be that the judgment below be reversed, and the case remanded with directions that judgment be arrested.

*Ordered accordingly.*