Filed Feb. 16, 1884.

———————◆———————

## No. 10,063.

### DURINGER v. MOSCHINO.

JUDGMENT.—*Fraud in Obtaining.*—*Service of Process.*—*Non-Resident.*—*Jurisdiction.*—Where, by fraud, one induces another to go to another State, in order to have service of process upon him, the latter can safely ignore the proceedings, and successfully resist a suit upon any judgment thus obtained; but a request to go to the other State and defend a suit in attachment actually pending is not a fraudulent device.

SAME.—*Compromise.*—*Agreement to Dismiss Action.*—Where, by an agreement to dismiss his cause, made upon adjustment of the matter in dispute, and a subsequent assurance that he had dismissed it, a plaintiff misled the defendant so that he did not appear, whereby a judgment by default was obtained, the defendant can successfully resist a suit upon the judgment, for fraud in procuring it.

EVIDENCE.—*Copy of Letter.*—It was agreed, in open court, between counsel, that the defendant would, without notice, produce, before the trial began, all papers and letters in his possession relating to the case. A letter from the plaintiff to him, which would have been proper evidence, was not produced. Upon proof that the letter was mailed and stamped, properly addressed to the defendant, with direction for its return if not called for in ten days, and that it was not returned, the plaintiff offered a press copy of it, taken when it was written.

*Held*, that the copy was admissible.

From the Jennings Circuit Court.

*J. D. New, T. C. Batchelor, J. New, J. S. Duncan, C. W. Smith* and *J. R. Wilson*, for appellant.

*A. G. Smith*, for appellee.

BLACK, C.—The appellant sued the appellee in the court below upon a judgment recovered December 19th, 1877, by the former against the latter, in the court of common pleas

of Hamilton county, Ohio, for a certain sum. The defend-
ant answered, admitting the recovery of the judgment, and
alleging that it was obtained by the fraud of the plaintiff;
that at and for ten years before the time of its rendition the
defendant was, and he still continued to be, a resident of Jen-
nings county, Indiana; that during said time the plaintiff
was, and he still was, a resident of Hamilton county, Ohio;
that at the date of the rendition of said judgment, and at the
commencement of the suit in which it was rendered, the de-
fendant was in no wise indebted to the plaintiff, and the
former, at the time of making this answer, was not indebted
to the latter in any sum; that for a year prior to the rendi-
tion of said judgment the defendant had a contract with the
plaintiff to furnish him at Cincinnati, Ohio, fourteen thou-
sand staves; that the defendant faithfully performed his part
of the contract, but the plaintiff, designing to cheat and de-
fraud the defendant and to procure said judgment against
him by fraud, upon a false and fraudulent demand growing
out of said contract and transaction, caused suit to be insti-
tuted against him in the common pleas court of Hamilton
county, Ohio, on a pretended and fraudulent claim for dam-
ages and for money falsely claimed to be due the plaintiff,
and therein sued out of said court a writ of attachment, and
caused to be attached a certain quantity of staves shipped by
the defendant to one Nicholas Budd, at Cincinnati; that the
defendant, to defend against said attachment, went to Cincin-
nati, at the request of the plaintiff, who thereupon dismissed
his said attachment proceedings, and caused the defendant to
be served with process in said suit; that after the service of
process, and on the same day thereof, the plaintiff and the de-
fendant met and mutually settled all differences between them
concerning said contract and all other matters between them,
and thereupon the plaintiff informed the defendant that the
former had been mistaken in his accounts when he brought
suit, and, with intent to cheat and defraud the defendant and
to induce him not to defend said suit, the plaintiff persuaded

and prevailed upon the defendant not to employ a lawyer to appear and defend said suit, at the same time promising and assuring the defendant that the plaintiff would cause it to be dismissed, as a part of said agreement and settlement, and that the defendant need not give himself any further concern about it; that the defendant, believing the plaintiff was acting in good faith, and relying on his promise to dismiss said suit, did not employ counsel to defend it, but, at the plaintiff's request, returned to the defendant's home in Jennings county, Indiana; that the plaintiff, for the purpose of further deceiving and defrauding the defendant, and to induce him not to defend said suit, and to put him off his guard, did, within ten days after said agreement and about the time the cause was set for hearing, write to the defendant, then in said Jennings county, that the plaintiff had dismissed said suit as he had agreed to do; that the defendant, relying upon the agreement that the plaintiff would dismiss the suit, and upon his statement that he had done so, gave the matter no further attention, believing all the time that the suit had been dismissed until the bringing of this suit; whereas, in truth, the plaintiff, disregarding said agreement to dismiss, and intending to cheat and defraud the defendant, caused judgment to be taken against him by default in said common pleas court, which was the judgment sued on herein.

Prayer for judgment for costs and that said judgment sued on be declared fraudulent and void, and for all proper relief.

A demurrer to this pleading for want of sufficient facts to constitute a defence, was overruled.

A reply in denial having been filed, the cause was tried by jury, the verdict being for the defendant. A motion for a new trial was made by the plaintiff and was overruled, and judgment was rendered that the plaintiff take nothing, and that the defendant recover costs.

The assignment of errors questions the action of the court

in overruling the demurrer to the answer, and in overruling the motion for a new trial.

If the answer had not shown fraud in the procurement of the judgment after the Ohio court obtained jurisdiction of the person of the defendant, the answer would have been insufficient, for while we think that if the plaintiff by his fraud induced the defendant to go within the jurisdiction of the Ohio court for the purpose of obtaining service of process upon the defendant, and the court's jurisdiction of his person was thus obtained, the defendant would not need to appear in that court and show this abuse of its process, but might set up such fraud as a defence to the action brought in this State upon the judgment (*Dunlap* v. *Cody*, 31 Iowa, 260; 7 Am. R. 129), yet it was not shown by this answer that the plaintiff used any force or false representations or suppression of the truth for the purpose of getting the defendant within the jurisdiction of the Ohio court, or that he was induced to go within that jurisdiction by force or fraud. He went at the request of the plaintiff to defend against attachment proceedings instituted by the plaintiff against certain property, it not being shown that the defendant was the owner thereof and it not being shown that anything was fraudulently said or done with the intent to induce him to go within the jurisdiction of the court for the purpose of serving process upon him. We do not think that upon the facts here alleged the appellee could have sustained an action for damages on the ground of his having been fraudulently induced to leave his home and go to Ohio, or that he could have appealed successfully to the Ohio court to set aside the service of the process on the ground of a violation of the integrity thereof, or that the answer sufficiently shows a defence to the action on the judgment on the ground that jurisdiction of the person of the defendant was fraudulently obtained.

But that, without any fraud in the obtaining of jurisdiction, the equitable defence of the procurement of the judgment by fraud was well pleaded, is sufficiently settled. See

*Nealis* v. *Dicks*, 72 Ind. 374; *Cavanaugh* v. *Smith*, 84 Ind. 380; *Hogg* v. *Link*, 90 Ind. 346; Freeman Judg., sec. 576.

On the trial the appellant offered in evidence a certain paper, offering first to prove that it was a true copy of a letter taken by letter-press at the time the letter was written by the plaintiff, at the date thereof, in Cincinnati, Ohio, and placed in a sealed envelope and addressed to Nicholas Moschino, at Six Mile, Jennings county, Indiana, that being the defendant's address; that he put the letter so enveloped and sealed, with a three cent postage stamp on the envelope, in the post-office at Cincinnati, at the date given in the letter; that across and on the outside of said envelope he wrote the words, " If not called for in ten days return to Coelestin Duringer, Cincinnati, Ohio;" that said letter had never been returned to the appellant, whose address and home " during all said period" was Cincinnati, Ohio. On objection by counsel for the appellee, this offered evidence was excluded.

Said letter had not been produced by the appellee, and no notice had been served upon him by the plaintiff for the production of papers or letters from the plaintiff to the defendant, for inspection or to be used upon the trial; but it had been agreed in open court, in the hearing of the judge thereof, between counsel for the appellant and counsel for the appellee, that all papers or letters relating to the case in the possession or under the control of the appellee, would be produced before going into the trial by the appellee, without any notice for the production thereof; and the original of said letter had not been produced.

The letter-press copy so offered read as follows:

" CINCINNATI, March 15th, 1877.
" MR. NICK MOSCHINO,
　　　" HARDENBURG, JENNINGS COUNTY, IND.
" I hereby notify you that you have not filed your answer in suit I brought against you in Cincinnati, in court of Hamilton county, Ohio. I will hereby tell you that I will give you time till the 1st day of May, 1877, to file your answer in

suit brought by me against you; or come and settle your affair with me in a friendly manner; if not, I will be compelled to push the suit in court of Hamilton county, Ohio. Hope you will come and settle your affair with me.

"Your friend,

"COELESTIN DURINGER."

The evidence showed that the appellee was, on the 2d of February, 1877, served with process in said action in which the judgment sued on was rendered; that a default for failure to answer was entered on the 3d of March, 1877, and that the cause came on for hearing on the 9th of December, 1877, and the judgment was then rendered.

The appellee and another witness had testified that a few days after the appellee returned from Cincinnati he received a letter from the appellant, which was lost, in which he stated that he had dismissed the suit, and the appellee had testified that this was the only letter he received from the appellant after said return. The appellant had testified that he never wrote to the appellee, or to any one, that he had dismissed the suit, but that he had written him a letter on the 15th of March, 1877.

There can be no doubt that if the paper offered in evidence and excluded had been the original letter, it would have been error to reject it. The letter-press copy was secondary evidence. Had the way for the introduction of secondary evidence been opened?

We think that proof of due notice from the appellant to the appellee to produce "all papers or letters relating to the case in the possession or under the control of" the appellee, with sufficient evidence to charge him with the possession of this letter, and the failure of the appellee to produce it, would have authorized the introduction of the copy. Whart. Ev., section 154 and note.

The agreement of the parties shown by the record was equivalent to such a notice, and in connection with the offer to introduce the copy there was an offer of evidence, sufficient,

if believed, to charge the appellee with having received the letter. We have no doubt that the court erred in excluding the letter-press copy.

The only other question discussed by counsel relates to the giving of a certain instruction to the jury, in which the court construed a certain written contract. The contract was one in relation to cooper's materials, and contained expressions as to the meaning of which evidence would be admissible of usage of trade and of the course of business between the parties. In the absence of such evidence, it would be the duty of the court to construe the contract according to the ordinary meaning of the words, but so far as the meaning was affected by evidence, that far the determination of the meaning should be left to the jury. As a new trial must be granted for the error above indicated, we will refrain from saying what construction should be placed on the instrument if there should be no such evidence introduced, except, as above stated, that it should be construed according to the ordinary signification of the language. The judgment should be reversed.

PER CURIAM.—Upon the foregoing opinion, it is ordered that the judgment be reversed, at the costs of the appellee, and the cause is remanded for a new trial.

Filed Feb. 22, 1884.