## CAPWELL v. SIPE et al.

(*Circuit Court, N. D. Ohio, E. D.* May, 1892.)

1. RES JUDICATA—DISMISSAL OF SUIT.
   In an action in a federal court in one state on a judgment of a supreme court of another state, it is no defense that, before the action in the state court was commenced, a suit on the same cause of action was pending in such federal court, which suit was dismissed subsequent to the entry of judgment in the state court.

2. WRITS—PERSONAL SERVICE ON NONRESIDENT—JUDGMENT—COLLATERAL ATTACK.
   Where a nonresident was personally served with summons in a state court, while within the jurisdiction of such court, solely for the purpose of trying another suit pending in said court as party defendant, and the court held the service good, and gave judgment thereon, such service cannot be collaterally attacked in a subsequent suit on the judgment in a federal court.

At Law. Action by Roger F. Capwell against John F. Sipe and others. On demurrer to answer. Demurrer sustained.

*Hutchins & Campbell,* for plaintiff.

*W. C. Ong,* for defendants.

Before TAFT, Circuit Judge, and RICKS, District Judge.

TAFT, Circuit Judge. The questions here to be decided arise on a demurrer to the answer of the defendants. Plaintiff's cause of action is founded on a judgment rendered by the supreme court of the county of Providence, in the state of Rhode Island, in favor of the plaintiff against the defendants. The defenses are two. One is that, before the action in Rhode Island was begun, a suit on the same cause of action was begun in this court, and that the suit here was pending when judgment was entered in Rhode Island, and that subsequently the suit here was dismissed. No reason is suggested why this constitutes any defense in the present action, or in any way affects the validity of the Rhode Island judgment. The demurrer to this defense must be sustained.

The other and principal defense set up in the answer is that the defendants were personally served with summons in the Rhode Island suit while they were within the jurisdiction of the Rhode Island court, and had gone there solely for the purpose of attending, as parties defendant, the trial of another suit pending in the same court. They pleaded this fact in abatement, and contended that the purpose for which they came exempted them from service. The supreme court of Rhode Island, however, overruled the plea, on the ground that such an exemption existed only in case of witnesses, but did not exist in case of the parties to the suit, whether they were witnesses or not. It is now contended that the judgment against defendants, based on such a service, is void for want of jurisdiction in the court over the defendants. We do not think so. The defendants were within the territorial jurisdiction of the court rendering the judgment, and they were personally served with the process. They relied on an exemption allowed by many courts on the ground of public policy. In this case, as the suit on which the defendants were in attendance was pending in the same court which

was asked to recognize the exemption, it is a question of the public policy of the state of Rhode Island, in respect to which the Rhode Island court had jurisdiction to decide conclusively between the parties before it. It is not a failure of due process of law to serve a person with summons within the jurisdiction in attendance on another case as a party. If the legislature should pass a statute exempting witnesses in such a case, but permitting parties to be served, it would not be invalid, and we cannot see why a Rhode Island court cannot hold the law of the state, in the absence of statute, to have the same effect. This is not a case of constructive or substituted service, as in *Pennoyer* v. *Neff*, 95 U. S. 714. There was no failure to serve the defendants personally. There was, at the most, only an abuse of the process of the court. *Construction Co.* v. *Fitzgerald*, 137 U. S. 98, 105, 11 Sup. Ct. Rep. 36. Suppose that a plaintiff were to induce a defendant by fraud to come into the jurisdiction in order to serve him, and that after personal service the court should refuse, on motion of defendant, to set aside the service, could the jurisdiction of the court in such a case be collaterally attacked? We think not. The abuse of the process of the court can only be corrected by the court from which it issues, and if the court fails to find an abuse of its process, and refuses to set the service aside, when actual personal service is made, we do not think its refusal constitutes anything more than error, which cannot be collaterally inquired into or corrected. The question is one of exemption from personal service on grounds of public policy, personal service having been actually made. It may be true that, were a United States court sitting in Rhode Island called upon in an original suit before it to decide this question, it would be regarded as one of general law, and that such court would not be controlled by the decision of the state court upon the point. But here we are called on to say that, in a case where personal service is admitted, and a judgment was rendered, the decision of the supreme court with the parties before it upon a question of public policy was erroneous, and that the error invalidates the judgment. No such power is given us in the collateral examination of a judgment.

The demurrer must be sustained.