# JASTER v. CURRIE.

## ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 205. Argued April 7 and 10, 1905.—Decided April 24, 1905.

Service of a writ, in Ohio, upon a party who came into the State for the purpose of being present at the taking of a deposition, which was taken according to the notice, if it would have been good otherwise, is not made bad by the fact that the notice was given for the sole purpose of inducing the party to come into the State. Refusal by the court of the other State to treat the judgment based on such service as binding is a failure to give it due faith and credit as required by Article IV, § 1, of the Constitution of the United States.

THE facts are stated in the opinion.

*Mr. O. A. Abbott,* with whom *Mr. J. R. Webster* was on the brief, for plaintiff in error:

Whether one State has given full faith and credit to the judgment of another State is always a Federal question and this court has jurisdiction to review such judgment where the question appears from the record. *Huntington* v. *Attrill,* 146 U. S. 657. The Nebraska courts have held this Ohio judgment void and refused to enforce it. *Anderson* v. *Anderson,* 8 Ohio St. 109, held that fraud in procuring a judgment in a sister State was no defense when that judgment was sued on in Ohio.

The Ohio judgment was not given full faith and credit. It was not enforced.

So long as the judgment of a sister State stands unimpeached in the State where rendered it is unimpeachable in every other State. *Christmas* v. *Russell,* 5 Wall. 290; *Maxwell* v. *Stewart,* 22 Wall. 77; *Anderson* v. *Anderson,* 8 Ohio St. 109; *McRae* v. *Mattoon,* 30 Massachusetts, 53; *Hanna* v. *Read,* 102 Illinois, 596; *Davis* v. *Hagler,* 40 Kansas, 187; *Engstrom* v. *Sherburne,* 137 Massachusetts, 153.

The Ohio judgment was not obtained by fraud in obtaining service of the summons by means of notice to take depositions. The simple ordinary service of notice to take depositions is all the act laid at our doors. If this constitutes fraud, trickery and deception, no judgment is safe when under review by the courts of another State. It cannot be true that attending the taking of depositions in Ohio grants defendant eternal immunity from service in Ohio. A reasonable time to return is all he can ask. *Smythe* v. *Bank*, 4 Dall. 329; *Chaffee* v. *Jones*, 19 Pick. (Mass.) 250.

*Mr. E. J. Clements,* with whom *Mr. Hallack F. Rose* was on the brief, for defendant in error:

A writ of error brings before this court only the Federal questions involved. *Watson* v. *Mercer*, 8 Peters, 88; *Barbier* v. *Connolly*, 113 U. S. 27; *Eustis* v. *Bolles*, 150 U. S. 361; *Ashley* v. *Ryan*, 153 U. S. 440; *Jacobs* v. *Marks*, 182 U. S. 590.

The test in this case is not whether the judgment has been impeached for fraud in Ohio, but rather, would the courts of Ohio permit it to be impeached for fraud in an action brought therein to enforce it.

Section 1, Art. IV, Const. U. S., requires nothing more than that the judgment of a sister State be given the same effect that it has in the State where it was pronounced; and whatever pleas would be good in a suit thereon in such State can be pleaded in any other courts in the United States. Act of May 26, 1790, 1 Stat. 115; *Mills* v. *Duryee*, 7 Cranch. 481; *Hampton* v. *McConnell*, 2 Wheat. 235. And see also *Lockwood* v. *Mitchell*, 19 Ohio St. 448; *Conway* v. *Duncan*, 28 Ohio St. 102; *Kingsborough* v. *Towsley*, 56 Ohio St. 540; *Greene* v. *Woodland Ave. Co.*, 62 Ohio St. 67; *Pitcher* v. *Graham*, 18 Ohio C. R. 5.

In code States, where law and equity are administered by the same tribunals, and the disposition of the entire controversy between parties in one action is intended to be encouraged, such fraud as would entitle the party to relief from

a judgment upon application to chancery constitutes a good defense to an action on such judgment. *Mandeville* v. *Reynolds*, 68 N. Y. 544; *White* v. *Reid*, 24 N. Y. Supp. 290; *Eaton* v. *Hasty*, 6 Nebraska, 419; *Keeler* v. *Elston*, 22 Nebraska, 310; *Snyder* v. *Critchfield*, 44 Nebraska, 69; *Fletcher* v. *Rapp*, 1 S. & M. Ch. (Miss.) 374; *Holt* v. *Alloway*, 2 Blackf. (Ind.) 108; *Duringer* v. *Moschino*, 93 Indiana, 495; *Davis* v. *Smith*, 5 Georgia, 274; *Wood* v. *Wood*, 78 Kentucky, 628; *Dunlap* v. *Cody*, 31 Iowa, 260; *Pilcher* v. *Graham*, 18 Ohio C. R. 5; *Ward* v. *Quinlan*, 57 Missouri, 425; *Gray* v. *Richmond & Co.*, 167 N. Y. 348; *Bank* v. *Anderson*, 48 Pac. Rep. 197; *Toof* v. *Foley*, 54 N. W. Rep. 59; *Abercrombie* v. *Abercrombie*, 67 Pac. Rep. 539. *Christmas* v. *Russell*, 5 Wall. 290; *Maxwell* v. *Stewart*, 22 Wall. 77, distinguished. See *Dobson* v. *Pierce*, 12 N. Y. 156; 2 Freeman on Judg. § 435; 1 Ency. Pl. & Pr. 837.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the plaintiff in error in Nebraska upon a judgment recovered by him against the defendant in error in Ohio. To this the defendant pleads that the plaintiff had brought a previous action in Nebraska for the same cause and afterwards served notice upon the defendant's attorney that the plaintiff's deposition would be taken in Ohio at a certain place on September 5, 1899, for use in the cause; that defendant was advised by his attorney to be present and went to Ohio for that purpose only; that the deposition was taken and the defendant then went to his father's house in the same county for the night of September 5, and that on September 8, in the early morning, being the earliest time convenient for leaving his father's for Nebraska, he took the train back. The writ in the Ohio suit was received and served on September 7. It is alleged that the notice to take the deposition was simply a ruse, and was given for the purpose of enticing the defendant into Ohio and for no other reason. There was a motion to set aside the service in the Ohio court, which was overruled,

66 Ohio St. 661, but the defendant alleges that at that time he had not discovered what he styles the fraud perpetrated upon him. There was a general demurrer to this answer, which was overruled, and judgment was given for the defendant. This judgment was affirmed by the Supreme Court of Nebraska, 94 N. W. Rep. 995, and thereupon the case was brought here on the ground that due faith and credit had not been given to the Ohio record, as required by Art. IV, § 1, of the Constitution of the United States. *Huntington* v. *Attrill,* 146 U. S. 657; *Jacobs* v. *Marks,* 182 U. S. 583.

The Supreme Court of Nebraska affirmed the judgment on the ground that in that State the distinction between actions at law and suits in equity had been abolished, that the decision in *Christmas* v. *Russell,* 5 Wall. 290, was limited to legal defenses, 5 Wall. 304, 306, and that fraud would have been an equitable defense to the judgment in Ohio, and therefore was in Nebraska. We take up the question on this footing, without stopping to discuss the premises, which we find it unnecessary to do, and we will assume that on general demurrer a plea that the judgment was obtained by fraud would be a good equitable plea. See 5 Wall. 303.

It is assumed that the service of the writ in Ohio would have been good but for the alleged fraud. *Smythe* v. *Banks,* 4 Dall. 329; *Chaffee* v. *Jones,* 19 Pick. 260. That point must have been decided by the Ohio courts. Moreover, the facts constituting the fraud are set forth and gain no new force from the vituperative epithet. If the inducement to enter the State of Ohio furnished by the notice to take a deposition there was made fraudulent by the motive with which the notice was given, then there was fraud, otherwise there was not. On the face of the answer fraud is simply the pleader's conclusion from the specific facts. The question is whether the motive alleged can have the effect supposed.

It will be observed that there was no misrepresentation, express or implied, with regard to anything, even the motives of the plaintiff. The parties were at arm's length. The plain-

tiff did not say or imply that he had one motive rather than another. He simply did a lawful act by all the powers enabling him to do it, and that was all. Therefore the word fraud may be discarded as inappropriate. The question is whether the service of a writ, otherwise lawful, becomes unlawful because the hope for a chance to make it was the sole motive for other acts tending to create the chance, which other acts would themselves have been lawful but for that hope. We assume that motives may make a difference in liability. But the usual cases where they have been held to do so have been cases where the immediate and expected effect of the act done was to inflict damage, and where therefore, as a matter of substantive law, if not of pleading, the act was thought to need a justification, see *Aikens* v. *Wisconsin*, 195 U. S. 194, 204, or else where the intent was to do a further and unlawful act to which the act done was the means. *Swift and Company* v. *United States*, 196 U. S. 375, 396.

It is hard to exhaust the possibilities of a general proposition. Therefore it may be dangerous to say that doing an act lawful in itself as a means of doing another act lawful in itself cannot make a wrong by the combination. It is enough to say that it does not usually have that result, and that the case at bar is not an exception to the general rule. We must take the allegations of the answer to be true, although they are manifestly absurd. The plaintiff could not have known that the defendant's lawyer would advise him to go to Ohio, and that the defendant would go to his father's house, instead of to Nebraska, when his business was over. But we assume, as far as possible, that the anticipation of these things was the sole inducement for giving the notice and taking the disposition. Still the notice was true, and the taking of the deposition needed no justification. It could be taken arbitrarily, because the plaintiff chose. On the other hand, the defendant could be served with process if he saw fit to linger in Ohio. That also the plaintiff could do arbitrarily, because he chose, if he thought he had a case. He arbitrarily could unite the

two acts, and do the first because he hoped it would give him a chance to do the last.

*Judgment reversed.*

MR. JUSTICE McKENNA and MR. JUSTICE DAY concur in the result.