CONTINENTAL BANK & TRUST COMPANY, Receiver of Inland Empire Insurance Company, Appellant,

v.

LEWIS, ROCA, SCOVILLE & BEAUCHAMP, a partnership, Appellee.

No. 6278.

United States Court of Appeals
Tenth Circuit.

May 12, 1960.

Rehearing Denied June 8, 1960.

---

David K. Watkiss, Salt Lake City, Utah (Calvin L. Rampton, Salt Lake City, Utah, on the brief), for appellant.

John P. Frank, Phoenix, Ariz., for appellee.

Before PICKETT and BREITENSTEIN, Circuit Judges, and SAVAGE, District Judge.

BREITENSTEIN, Circuit Judge.

For a third time we have before us the controversy between the law partnership of Lewis, Roca, Scoville & Beauchamp and the receiver of Inland Empire Insurance Company. The issue raised now is the jurisdiction of the United States District Court for the District of Utah to hear a counterclaim based on tort and asserted by the receiver against the partnership. As the partnership and its members are nonresidents, jurisdiction is predicated upon the rule announced in Alexander v. Hillman, 296 U.S. 222, 240–243, 56 S.Ct. 204, 80 L.Ed. 192, permitting a counterclaim by a receiver against a claimant.[1] The trial court held that it had no jurisdiction and this appeal followed.

The application of the Alexander v. Hillman rule to the case at bar is vigorously contested on the ground that a tort claim by a receiver against a claimant may not be determined summarily in the receivership proceedings but must be decided in a plenary suit. We deem it unnecessary to consider this point as the peculiar facts of this case convince us that the lower court was without jurisdiction to determine the counterclaim.

The partnership had an Arizona judgment against Inland. To enforce pay-

1. Cf. Inter-State National Bank of Kansas City v. Luther, 10 Cir., 221 F.2d 382, 388 et seq.

ment of that judgment it attached securities of Inland in the state of Kentucky. Thereafter, the court below appointed a receiver for Inland and the receiver, without notice to the partnership, took possession of the attached securities and removed them to Utah. The partnership then filed a general claim in the receivership proceedings on the basis of the Arizona judgment and asserted that it was entitled to have the claim paid out of the securities. The lower court approved the claim as a general claim but denied payment out of the securities as a preferred claim. We reversed, holding that the attachment was good and that as it preceded the receivership the partnership was entitled to payment out of the attached securities.[2]

After remand the receiver filed a "petition for judgment" based on an alleged tort liability of the partnership to Inland. This petition was in effect a counterclaim or set-off and is referred to herein as a counterclaim. The lower court denied an application by the partnership for the immediate payment of its claim out of the attached property and held that the right to payment must await determination of the counterclaim. We granted mandamus, ordered immediate payment, and declined to consider any issues relating to the counterclaim.[3] Thereafter, the lower court ordered payment and, on the motion of the partnership, dismissed the counterclaim because of lack of jurisdiction.

▆▆▆▆ It would be inequitable to apply the Alexander v. Hillman rule to the case at bar. The assertion here of personal jurisdiction can arise only from voluntary submission to the jurisdiction.

Whatever submission there was to the Utah jurisdiction arose because of the action of the receiver in removing the Kentucky securities to Utah in disregard of the attachment. The result of this action was to compel the partnership to proceed in Utah if it wished to pursue its rights against the attached property. While the partnership was not required to assert its rights, a party should not be deterred from the fearless assertion of its rights to property by the necessity of proceeding in a jurisdiction into which the property has been brought in disregard of legal rights.[4] Granting that the receiver acted in good faith in removing the securities, its act was wrongful and the resulting enticement of the partnership into Utah did not establish jurisdiction of the lower court over the tort claim.

Moreover, the issue as to the right of the partnership to payment out of the attached securities had been fully and finally determined before the filing of the counterclaim. While the partnership filed a general claim, it had only one claim and that was based on the Arizona judgment. Our holding that such claim was to be paid out of the attached property terminated the matter and ended whatever submission the partnership had made to the jurisdiction.[5] The equitable considerations upon which the Alexander v. Hillman rule is based do not exist in this case wherein the receiver induced the filing of the claim by its wrongful removal of the securities and then withheld its counterclaim until the right of the partnership to payment out of the attached property had been upheld in the appellate court.

Affirmed.

2. Lewis, Roca, Scoville & Beauchamp v. Inland Empire Insurance Company, 10 Cir., 259 F.2d 318.

3. Lewis, Roca, Scoville & Beauchamp v. Christenson, 10 Cir., 263 F.2d 536.

4. Cf. Stewart v. Ramsay, 242 U.S. 128, 130, 37 S.Ct. 44, 61 L.Ed. 192. See also Wyman v. Newhouse, 2 Cir., 93 F.2d 313, 315, 115 A.L.R. 460. Jaster v. Currie,

198 U.S. 144, 25 S.Ct. 614, 49 L.Ed. 988, is distinguishable as in that case there was no enticement arising from a wrongful act.

5. Cf. New York Life Insurance Company v. Dunlevy, 241 U.S. 518, 522, 36 S.Ct. 613, 60 L.Ed. 1140; Conway v. Union Bank of Switzerland, 2 Cir., 204 F.2d 603, 609.