**Durant v. Durant**

*Arthur J. Matusow,* for plaintiff.
*Mark A. Lublin,* for defendant.

LEDERER, *J.,* June 16, 1980—On August 17, 1977 this court opened a judgment entered against defendant on February 18, 1977.

The facts giving rise to the entry of judgment are not in dispute. In March, 1975 plaintiff-wife was in New York with the two children of her marriage to defendant. In April, 1975 plaintiff was in telephone communication with defendant-husband in Philadelphia. She requested he come to New York on April 26 to visit with the children at the home of plaintiff's mother. Defendant went to New York as suggested, and while there was served with process in a New York divorce action instituted by plaintiff. On advice of his counsel, defendant did not appear at any stage of the New York divorce action. On July 15, 1975 plaintiff was granted alimony in the New York divorce action. On February 18, 1977 the transcript of the New York judgment was entered in Philadelphia County under the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P.L. 1157, 12 P.S. §921 et seq. [see now, Judicial Code, 42 Pa.C.S.A. §4301(d)], and on March 22, 1977 a rule was entered on plaintiff to show cause why such judgment should not be opened and defendant let in to a defense. On August 17, 1977 the judgment was opened. This appeal followed.

Defendant contended the New York judgment was obtained without the New York court having obtained jurisdiction over the person of defendant and that the judgment, void for lack of in personam jurisdiction, was not enforceable under the Pennsylvania Enforcement of Foreign Judgments Act. Defendant contended that in personam jurisdiction was not obtained because the service of process had

been accomplished by plaintiff's misrepresentations which induced him to enter New York where service of process was made.

Plaintiff contended defendant was not permitted in Pennsylvania to mount a collateral attack on the New York judgment. Plaintiff pointed out that New York has a procedure available to vacate service obtained through misrepresentation and that defendant could and should have used such procedure. Plaintiff contended: "Defendant is thus seeking to do in Pennsylvania what he could have and should have very easily done in New York. New York has a procedure for raising the question of jurisdiction over the person. . . . The defendant did not see fit to raise the question at the proper time and in the proper court . . . by failing to do so, he has lost his opportunity to raise these questions and cannot now have the judgment opened."

The crux of the difference between the parties is whether defendant was obliged to seek redress in New York courts or whether he could wait upon plaintiff and move for redress when plaintiff sought assistance of the Pennsylvania courts to enforce the New York judgment.

A general statement of the scope of the constitutional mandate for recognition by one state of the judgments of a foreign state is found in Klaiber v. Frank, 9 N.J. 1, 10, 86 A. 2d 679, 684 (1952):

"The full faith and credit clause has established throughout the federal system the common-law principle that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in the court where the judgment was rendered [cases omitted]. But it is fundamental that the principle is not operative unless the judgment be founded upon adequate jurisdiction of

the parties and subject matter [cases omitted]. The judgment is not invested with this constitutional sanctity if fraud has given rise to a jurisdictional infirmity [cases omitted]. Where fraud inheres in the jurisdiction, the judgment is utterly void and inefficacious. A foreign judgment is subject to collateral attack for fraud in the procurement of the appearance of the defendant. Gray v. Richmond Bicycle Co., 167 N.Y. 348, 60 N.E. 663 (Ct. of App. 1901); Wyman v. Newhouse [93 F. 2d 313, 115 A.L.R. 460 (2d Cir. 1939)]. A judgment so tainted has no constitutional recognition."

In Wyman v. Newhouse, 93 F. 2d 313, 115 A.L.R. 460 (2d Cir. 1937), a Florida judgment was attacked in New York on the ground that the person against whom judgment was entered had been fraudulently enticed into Florida for the sole purpose of obtaining service of process there. In Wyman the court said, at p. 315:

"This judgment is attacked for fraud perpetrated upon the appellee which goes to the jurisdiction of the Florida court over his person. A judgment procured fraudulently, as here, lacks jurisdiction and is null and void. [Cases omitted.] A fraud affecting the jurisdiction is equivalent to a lack of jurisdiction. [Cases omitted.] The appellee was not required to proceed against the judgment in Florida. His equitable defense in answer to a suit on the judgment is sufficient. A judgment recovered in a sister state, through the fraud of the party procuring the appearance of another, is not binding on the latter when an attempt is made to enforce such judgment in another state. Gray v. Richmond Bicycle Co., 167 N.Y. 348, 355, 60 N.E. 663, 82 Am.St.Rep. 720."

The rule is that "[p]ersonal service of process, if

procured by fraud, trickery or artifice, is not sufficient to give a court jurisdiction over the person thus served. . . ." 62 Am.Jur. 2d, Process §54; Hotlen v. Middour, 404 Pa. 351, 171 A. 2d 760 (1961); Eastburn v. Turnoff, 394 Pa. 316, 147 A. 2d 353 (1959).

"'Relief is accorded in such cases, not because, by reason of the fraud, the court did not get jurisdiction of the person of the defendant by the service, but on the ground that the court will not exercise its jurisdiction in favor of one who has obtained service of his summons by unlawful means. Thus, if a person resident outside the jurisdiction of the court and the reach of its process is inveigled, enticed, or induced, by any false representation, deceitful contrivance, or wrongful device for which the plaintiff is responsible, to come within the jurisdiction of the court for the purpose of obtaining service of process on him in an action brought against him in such court, process served upon him through such improper means is invalid, and upon proof of such fact the court will, on motion, set it aside.' 62 Am.Jur. 2d, supra, at 835.

". . .

"Courts are not established for the purpose of aiding fraud, deceit, or wrong, but to prevent such things. The law will not permit a party to take advantage of his own wrongs. It is a fraud upon the law, and Courts will not aid the fraud or deceit. The aid of Courts should not be successfully invoked to promote the practice of trickery and deceit. If a defendant is within the jurisdiction of the Court by means of fraud or trickery of the plaintiff, no act accomplished thereby can be allowed to stand. There is very little difference between enticing a person from one jurisdiction to another for the purpose of getting process on him and by carrying him

by force from one jurisdiction to another to be served with process. A fraud or trick usually has a fair face. It would not succeed without it." Margos v. Moroudas, 184 Md. 362, 368, 370, 40 A. 2d 816, 818, 819 (1945).

For the foregoing reasons, the court opened the judgment against defendant to allow him to enter a defense to the action.