CAESAR ECKHART v. MORETY REIDEL.

A bond for title to land acknowledged that Caesar Eckhart, attorney in fact for Charles Eckhart, was held and firmly bound in the sum of &c., condi- tioned that the above bound shall make or cause to be made a good and per- fect title, &c., signed, sealed, &c., Caesar Eckhart, Attorney in fact for Charles Eckhart, with a scroll; Held, in an action against Caesar Eck- hart to recover back the purchase money on the ground of failure to comply with the bond, that on the face of the bond, the principal was bound, and not the agent.

In this case the Court allude to the distinction taken, upon this subject, be- tween instruments which are required by law to be under seal and those which are not, and say that a bond or agreement to convey land in future, is not required to be under seal ; but the decision is based upon such dis- tinction.

It seems that if an administrator give a bond to convey the land of his in- testate, he will be personally bound, on the ground that he had no authority to bind the estate.

Appeal from De Witt. This was a suit against Jonathan York and Caesar Eckhart, for the recovery of the purchase

money which had been paid, on the ground of failure to comply with the bond. The bond acknowledged that Jonathan York, Adm'r of the estate of John York, dec'd, and Caesar Eckhart, attorney in fact of Charles Eckhart, are held and firmly bound unto Morety Reidel, in the sum of two hundred dollars, &c., given under our hands and seals this nineteenth day of January, 1850; conditioned that whereas the above bound have this day sold, &c., now, therefore, if the above bound shall make or cause to be made a good and perfect title to the within described land, &c.; signed Jonathan York, with a scroll; Caesar Eckhart, attorney in fact for Charles Eckhart. Acknowledged before a Notary, by Jonathan York, Adm'r of the estate of John York, deceased, and Caesar Eckhart, attorney in fact for Charles Eckhart, that they signed, sealed, &c. The other facts will be found in the Opinion.

*R. E. Williams*, for appellant. It is admitted that the current of authorities is in favor of the position that an instrument under seal must be executed in the name of the principal, and the seal of the principal affixed, although there are very high exceptions to the rule; (Magil v. Hinsdale, 6 Conn. 465; Montgomery v. Dorion, 8 New Hamp. 475;) but this has never been the rule for an instrument not under seal.— (New England Marine Insurance Company v. De Wolf 8 Pick.; Townsend v. Hubbard, 4 Hill's N. Y. R. 351 and 357; Townsend v. Corning, 23 Wend. 436 and 440.) A seal, although a mere formality, is an essential to certain instruments, as for instance, a deed; and it is only to such instruments as are required by law to be under seal, that the technical rule has been applied; and even in these cases it is a rule not resting upon reason, but only upon authority; and the existence of the rule has been regretted by Courts of the first respectability. This State not being embarrassed, so far as I am aware, with any decision on the subject, if the Court should

think the question raised in this case, it is respectfully submitted that the reason and effect of the rule should be well weighed before it is adopted.

But it is believed that the decision of the Court below is erroneous upon the authorities. An agreement to convey lands is not an instrument required by law to be under seal. By our statute of frauds it is required to be in writing. It will hardly be contended that by putting a scrawl to an instrument not required by law to be under seal, it would subject it in a Court of Equity, to all the technical rules relating to specialties at common law. If the agent had an authority to bind the principal, and the words were such as not clearly to bind himself alone, and it can be ascertained that he intended to bind the principal, the latter will be bound. The only question when the instrument is not required to be under seal is, had the agent the authority to bind the principal, and can the intention to bind the principal be gathered from the instrument. (New England Marine Insurance Co. v. De Wolf, 8 Pick.. cited above.) It is therefore respectfully submitted that the instrument in question is not technically an instrument under seal.


HEMPHILL, CH. J. This was a suit for damages for the breach of a bond or contract for the sale of land. The bond purported to be the act of Jonathan York, Administrator of the estate of John York, dec'd, and Caesar Eckhart, attorney in fact for Charles Eckhart, and was signed by Jonathan York, [L. S.] Administrator of John York, and Caesar Eckhart, attorney in fact for Charles Eckhart. Judgment by default was entered against York and he has not appealed. The defendant Caesar Eckart offered documentary evidence to prove that the title of the land was in his principal Charles Eckhart, and also that he was duly constituted attorney in fact of the said Charles Eckhart. The evidence was rejected.

Judgment was entered against Caesar Eckhart personally, and the only point made on his appeal is, whether he, or his principal, Charles Eckhart, was liable in the agreement.

The question as to the mode in which an attorney in fact should execute his authority, was raised in the case of Byers. v. Giddens' heirs, 12 Tex. 75, and was to some extent discussed, though without the benefit, comparatively, of authorities. The counsel for appellant in this case has presented some brief but striking views, and we shall proceed to consider the subject, though without the aid of argument from the appellee. It is apparent, at a glance, that the law on this subject is a mass of contradiction, if not of absurdity; the rule in relation to the execution of sealed instruments by an attorney being the opposite of that recognized in the execution of unsealed or commercial contracts.

The distinction in the forms which a contract (when executed by an agent,) must assume, in order to be valid and binding on the principal, is expressed by the Editors of American Leading Cases, (1 vol. 589,) substantially as follows, viz: A contract under seal, by an agent, is not binding on the principal, unless it profess to bind him and be executed in his name and as his deed. A written contract, not under seal, is binding on the principal, in whatever form executed, if the principal's name appear in it, and the intention to bind him be apparent, but not unless his name appear in it. A verbal contract is binding on the principal if his name be disclosed, and the person making it contract as his agent and in his behalf.

In relation to sealed instruments, it is said, if a person. authorized by a power to convey under seal the lands of his principal, should convey by deed in his own name, the conveyance will be void; and it will make no difference, that in the deed the agent describes himself as such; as if he says, "Know all men by these presents, that I, A. B., as agent of "C. D., do hereby grant, sell, convey," &c., or if he signs and seals it A. B. for C. D.; for, in such a case, it is still his own

deed, and not that of the principal. (Story on Agency, Sec. 148.) Had the deed commenced, "Know all men by these "presents, that I, C. D., by my agent A. B., do hereby grant," &c., it would have been, according to the rule, the deed of the principal and not of the agent.

The reason of this distinction, as given by the authorities, is, that an interest, to pass by an instrument, must purport to be conveyed by him in whom it is vested ; a power of attorney is but a naked power, and transfers no interest to the attorney ; and consequently, as no interest is thereby vested in the agent, his own conveyance can pass none to his grantee. · It cannot pass the interest of the principal, for he is not a party thereto, nor the grantor thereof ; and it is not the instrument which he has authorized to be executed. (Story on Agency, Sec. 150.) These positions and inferences, though technical and fallacious, bear a semblance of reason, and might for want of a better, be regarded as a sufficient justification, provided they were, throughout the law, uniformly maintained.— But such is not the case. On the contrary, in commercial contracts, or unsealed instruments, the whole doctrine is repudiated ; and the principal is bound, and the act, in whatever manner executed, is held to be his and not that of the agent, provided it appears that the agent was acting in his capacity as such and not in his individual character. For instance, if an agent be authorized to draw, in the name of his principal, a promissory note, and he draws it thus, "I promise to pay J. "S. or order," and signs it "for C. D., A. B." this would be the note of C. D., and not that of A. B., although the words be "I promise," &c. ; and the reason is, that the intention to bind the principal is obvious from the face of the instrument ; and this intention will be enforced, however informally it may be expressed. (Story, Sec. 154.) Had the instrument been sealed, though in form, and in terms, and in every other respect, with the exception of the seal, it be identical and the same, yet the construction would have been different, at least

in Courts of Law. The intention then to bind the principal could not have been perceived. It would be held the act of the agent and binding on him alone. The potency of a seal must be most extraordinary, since its presence or absence has the effect of changing the parties to a contract.

But there is another variance in the law relative to the proper mode of executing an authority. The rule in equity is diverse from that prevailing at law, and it is this, that in all cases where an agent has contracted within the sphere of his agency, and the principal is not, by the form of the contract, bound at law, a Court of Equity will enforce it against the principal, upon principles *ex acquo et bono*. (Story, Sec. 162.)

To illustrate the effect of the variance between law and equity, on this point, I will refer to the case of Welsh v. Parish, Miller & Co., 1 Hill's Law Reports, So. Ca. p. 155. Patrick Usher had appointed Wm. Usher his attorney, and, under this appointment, the said William sold a vessel belonging to his principal, reciting that, "I, William Usher, Jr., attorney in fact of Patrick Usher, owner of the brig Junietta, "grant, &c.," and he, the said Wm. Usher, covenants the title, &c., and this is signed and sealed, "Wm. Usher, Jr., attorney for Patrick Usher." This was held by the Court of Appeals, sitting for the trial of appeals from Courts of Law, to be the bill of sale of the agent, Wm. Usher; that he spoke in his own name, and not in that of the principal, and that the sale was consequently void; and this decision was supported by a review of the authorities from Combe's case, 9 Co. Rep. 75, to modern times, referring also to the modification of the rule relative to the mode of signing, introduced by the case of Wilks v. Bach, 2 East, 142.

The plaintiff then filed his bill in equity, insisting that though the bill of sale was void at law, as the deed of Patrick Usher, yet it was his agreement, entered into by his authorized agent. who, having received the payment, his principal

was bound. The same Court of Appeals, sitting for the trial of appeals from decrees in equity, decided that though the deed could not operate at law as the conveyance of Patrick Usher, the principal, yet it must be enforced in equity, as the agreement of said Patrick Usher ; and the Court, in their opinion, showed that there could be no doubt, from the face of the deed, of the intention to bind the principal, though, from a technical principle, it could not operate as his conveyance at law. (2 Hill's Chancery Reports, So. Ca. 167 ; Martin v. Flowers, 8 Leigh, 158—162 ; 1 Dana, 364, 368 ; 1 J. J. Marshall, 296.)

It seems, thus, that the rule at law, prescribing a peculiar mode of executing sealed instruments under a power of attorney, is not recognized in equity, and we have seen that even at law, it has no force in relation to instruments not sealed.— The rule is believed to be peculiar to the common law jurisprudence. Its parallel will most probably not be found in any other system ; nor would it elsewhere be recognized, that an instrument in which the agent declares his authority, and that he is acting in behalf of his principle, should be regarded as the deed of the agent alone, not binding upon, or affecting the principal. The rule was unknown to our former system of jurisprudence. The form of a conveyance executed by an attorney repels the existence of any such rule. This form is prescribed in L. 61, Tit. 18, Partidas 3d, and is to the following effect : " Know all men who may see these presents, that " A. B. (fulan) as attorney of C. D., (fulan) specially author- " ized by him to sell, &c., to receive the purchase money, and " in his name to covenant, &c., does sell," &c. Such instrument is deemed the act of the principal, and not of the agent; it being most manifest that the agent was acting and contracting for the principal, and not for himself. No doubt, under the laws of Spain, as under other systems, an agent may so contract as to bind both himself and the principal, or he may be bound alone. But this is not the case, when he is acting

Eckhart v. Reidel.

within the sphere of his agency, when his principal is known, and the intention is to bind the principal and not the agent.

The bond, in the case under review, was, in effect, an agreement for the sale of lands. The law requires such contracts to be in writing, but a seal is not necessary to their validity. The rule in relation to the mode of executing sealed instruments by an attorney, if allowed to have any force in a system where law and equity are blended, is not properly applicable to such agreements. It is manifest that the appellant was acting as attorney or agent. He so declares in the instrument; his signature is in that capacity, and his acknowledgment for record is as attorney in fact. The intention to bind the principal is deducible fairly from the face of the transaction. The evidence which was rejected afforded full proof that he had no interest in the land, and that he had ample authority to represent his principal. There was fraud alleged, but none was proven ; nor was there any fact established or attempted, independent of the mode of executing the instrument, for the purpose of raising personal liability on the part of the agent. It may be said that if the appellant be not bound personally, from the fact that he represented himself acting as the agent of Charles Eckhart, so neither should the other defendant, Jonathan York, be personally bound, from the fact that he signed the agreement as administrator of John York. But the objection is not sound. The personal liability of the defendant York, arises from the fact that his agreement could not bind the estate of the deceased. He is made responsible because there is no principal to whom resort can be had. The obligation would be entirely void, unless construed to be his personal obligation. (Story on Agency, Sec. 280.)

The cases on the subject are contradictory. On some contracts both principal and agent have been held responsible, while in others, nearly identical, one or the other has been held only liable. Upon the whole, we are of opinion that the agreement upon its face, and so far as it depends upon its

mode of execution, must be held to be that of Charles Eck-hart, the principal, and not of Caesar, the agent, and that consequently the judgment against the said Caesar is erroneous and must be reversed. It is ordered, adjudged and decreed, that the judgment against Caesar Eckhart, the appellant, be reversed, and the cause remanded to the District Court for further proceedings.

Reversed and remanded.