FALSTEN REALTY COMPANY, a Florida Corporation and MARTIN H. LONG, *Appellants,* v. J. E. KIRKSEY, J. C. SASSER and wife, W. H. HAMILTON and wife, J. H. PALMER, HIGH PINE REALTY COMPANY, a Florida Corporation, and J. H. PALMER & COMPANY, a Florida Corporation, *Appellees.*

137 So. 267.

Division B.

Opinion filed October 21, 1931.

*Loftin, Stokes & Calkins* of Miami, for Appellants;
*Burdine, Terry & Fleming,* and *Semple & Hirschman* of Miami, for Appellees.

DAVIS, J.—The Falsten Realty Company, complainant in the Court below, entered into a contract to sell certain property in Dade County to J. H. Palmer, J. E. Kirksey, W. H. Hamilton and J. C. Sasser. On the date set for performance, the purchasers did not make the payments required by the terms of the contract of sale, and Falsten Realty Company, by making tender of deed and demanding performance, put purchasers in default.

This circumstance led to the situation hereinafter outlined, which forms the basis of this appeal from an order

of the chancellor overruling exceptions to, and motions to strike, portions of an answer setting up matters of defense to the bill of complaint filed by Falsten Realty Company for foreclosure of its sales contract. This answer likewise prayed for certain affirmative relief against Martin H. Long, an attorney at law, who had become a party to the suit because of his representation of the Falsten Realty Company in connection with the matters which formed the basis of the prayer for affirmative relief.

The answer, portions of which were excepted to and sought to be stricken, in substance alleged that on or about February 2, 1926, J. H. Palmer & Company agreed to purchase the lands described in the bill for about $37,000.00; that it was to make a payment of $18,741.15; that the balance was to be represented by a purchase money mortgage in the amount of $11,500.00, and the assumption of another mortgage; that on said date Martin H. Long was an attorney at law engaged in the practice of law at Jacksonville, Florida, and did, on said date, represent the Falsten Realty Company in the matter of said contract for the purchase of said land; that on February 2d, A. D. 1926, J. H. Palmer & Company paid over to the said Martin H. Long the sum of $18,741.15, pursuant to a certain written trust declaration or escrow agreement, signed and delivered by the said Martin H. Long to said J. H. Palmer & Company, said trust or escrow agreement being in words and figures as follows, to-wit:

"Received from J. H. Palmer & Co. cashier check and uncertified check aggregating $18,741.15 being the amount of cash payment on certain lands in Dade County, Florida, known as Modello tract consisting of 40 acres more or less and being the subject matter of a contract heretofore entered into between Falsten' Realty Co. and J. H. Palmer and three others.

The undersigned agrees to hold deed from said Fal-

sten Realty Co. to J. H. Palmer & Co. in escrow upon the following conditions:

FIRST: That one of the said checks which is uncertified shall be certified;

SECOND: That said J. H. Palmer & Co. shall execute and deliver a purchase money mortgage and notes for the difference in the purchase price, to-wit, $11,150. in form to be drawn by said undersigned;

THIRD: That said J. H. Palmer & Co. shall produce an assignment of the said contract made between Falsten Realty Co. and J. H. Palmer, J. E. Kirksey, W. H. Hamilton and J. C. Sasser or the undersigned may deliver said deed without said assignment as he may be instructed by his principal;

FOURTH: If said assignment cannot be delivered or if the undersigned cannot get permission to dispense with said assignment, then said sum of $18,741.15 is to be returned.

Dated Feb. 2, 1926.

(Signed) M. H. Long,
Attorney for Falsten Realty Co.''

The answer then alleged that after the execution of the foregoing ''trust'' or ''escrow'' agreement by Martin H. Long, that said Martin H. Long violated the terms and conditions thereof by retaining in his possession illegally and improperly the sum of $18,741.15 mentioned in paragraph marked ''FOURTH'' of the agreement; that he had converted to his own use or to the use of his client, Falsten Realty Company, and unlawfully paid over to it, said sum of money contrary to the ''trust'' and ''escrow'' agreement under which the money had been turned over to Long and was being held by him.

The prayer of the answer for affirmative relief was that said Martin H. Long should be decreed and ordered to pay to the defendant, J. H. Palmer & Company, the said sum of $18,741.15 and interest thereon, and in default thereof, that judgment be entered against him for that amount.

The court overruled exceptions and denied a motion to strike this portion of the answer seeking affirmative relief. The court also overruled exceptions and denied a motion to strike other portions of the answer interposed by way of defense, and complainant, Falsten Realty Company, and Martin H. Long, appealed.

The J. H. Palmer Company contends that Long should be held liable because he was employed by it to represent it as escrow agent in connection with the transaction evidenced by the writing signed by Long as attorney for Falsten Realty Company. The fact appears to be that J. H. Palmer & Company, for its own convenience, specially requested and agreed with Long to pay for Long's extra services and expenses incurred in making a special trip to Miami to transact business for his client, Falsten Realty Company, which he ordinarily in the usual course of business would have transacted for his client at Jacksonville, where Long's office was located. This business related to closing the deal in course of negotiation with Falsten Realty Company, Long's client.

The understanding is couched in language which is peculiarly appropriate to the statement of a mere *condition* under which the deed was to be held,—not a covenant or promise. The purport of what is said is to make a condition subsequent to the effect that if certain things are not done, or cannot be done, that then the money in question is to ''be'' returned.

The appellee contends that the meaning of the agreement is that the money in question is referred to in terms in the agreement as a ''payment'' is required to be returned by the attorney Long personally, and not by his client, Falsten Realty Company. This contention is earnestly insisted on, notwithstanding the fact that it seems to be conceded that Long was known to be acting in the transaction solely and only as attorney and agent for the Falsten Realty Company, his client in the prem-

ises, and that the J. H. Palmer Company so understood when it dealt with him.

In view of the nature of the transaction covered by the written memorandum, the particular manner in which the instrument was signed is significant but not conclusive as to the nature of the liability created thereby against the attorney who executed the same.

The writing was signed "M. H. Long, Attorney for Falsten Realty Co." This method of execution the appellant insists makes the obligation of the agreement one resting upon M. H. Long personally on the theory that the addition of the words "Attorney for Falsten Realty Co." are mere *descriptio personae* of the obligor.

But the rule is that if the name of the principal appears in the instrument, and it is evident from the writing, as a whole, that the intention was that the principal, and not the agent, was the party to be bound, the principal alone will be bound if the agent had the authority to make the agreement, although the instrument is signed in the agent's name only. Roney's Adm. v. Winter, 37 Ala. 277. Whenever upon the face of an agreement a party contracting plainly appears to be acting as the agent of another, the stipulations of the contract are to be considered as operating solely to bind the principal; unless it manifestly appears by the terms of the instrument that the agent intended to superadd or substitute his own responsibility for that of his principal. In such case, and in such case only, if acting within the scope of his powers, is he personally responsible. Key v. Parnham, 6 Harris & Johns, 418.

In 21 R. C. L. pages 848-849, it is said that where a person signs a contract, affixing to his name the word "agent", "trustee", or the like, he is *prima facie* individually liable. But if it can, upon the whole instrument, be collected that the true object and intent of it are to bind the principal and not to bind the agent, courts

of justice will adopt that construction of it, however, informally it may be expressed. An appropriate mode is to sign ''for'' the principal, and it is not material which name precedes the other.

In the case of Eckhart v. Reidel, 16 Texas 62, it was held that a bond signed, ''C. E., attorney in fact for B. E.'' imposed no *prima facie* personal liability or obligation on the attorney in fact.

In Garrison v. Combs (Ky.), 22 Am. Dec. text 123-124, the court said:

''It must be admitted that an agent may bind his principal by an agreement without seal, and signed by himself as agent. An agreement, to the validity of which a seal is not essential, signed by 'A. B., agent for C. D.' is, in effect and by construction of law, the agreement, not of A. B. but of C. D. Such an agreement differs materially from one signed by 'A. B. for C. D.' the latter being considered the agreement of 'C. D.' to do something for A. B. and the former an agreement by C. D. himself.''

See also note to Gavazza v. Plummer, 42 L. R. (N. S.) page 1 *et seq.*

From a consideration of the foregoing rules, it may be said that the manner in which the agreement we have referred to was executed imports *prima facie* a personal obligation on the part of the attorney Martin H. Long and that such agreement, in the absence of some showing to overcome the *prima facies* referred to is sufficient to warrant enforcement of such agreement against Long as his personal obligation. A majority of the court so hold, and in view of the fact that this case is now before the Court solely on a question of pleading, and not on the merits after taking of testimony and final hearing, it cannot be said that the refusal of the Court to strike those portions of the answer seeking affirmative relief against Long was error committed in regard to the pleading.

It would be inequitable to hold attorneys at law responsible personally for moneys paid over to them on behalf of their clients under circumstances such as appear in this case where the moneys involved were not shown to have been used for any other purpose than that for which the payment to the attorney at law was made. Payment of the moneys by J. H. Palmer & Company to the attorney, Martin H. Long, was made by its own voluntary act, for its own special convenience and not at the solicitation of or for the benefit of the attorney. While the peculiar way in which the written evidence of the transaction was drawn up and signed may *prima facie* establish a personal liability against the attorney which would warrant the prayer of the answer for affirmative relief to the effect that said Martin H. Long should be decreed and ordered to pay to the defendant J. H. Palmer & Company the sum of $18,741.15, and interest thereon, the *prima facie* effect of the instrument is subject to rebuttal by a showing of facts and circumstances in proof which negative the idea of any personal liability or obligation upon the attorney. The fact that the orders appealed from are affirmed will not preclude such proof being offered and received and an appropriate decree made in regard thereto on final hearing.

The remaining points to be decided in this case were raised by exceptions to, and motion to strike, other portions of the answer asserted by way of defense. These exceptions and motions to strike were overruled by the court, which ruling forms the basis of one of the assignments of error. According to the allegations on that portion of the answer involved in these exceptions and motions to strike, one of the conditions of the transaction as finally arranged for under the agreement with the attorney, Martin H. Long, on behalf of the Falsten Realty Company was that if the assignment referred to *could not* be delivered, or permission obtained to dis-

pense with delivery, the sum of $18,741.15 which had been paid over by J. H. Palmer & Company was to be returned to it.

The answer in question alleges the happenings of conditions which, if established as alleged, would equitably entitle J. H. Palmer & Company to the return of the $18,741.15 by the Falsten Realty Company, and therefore no error was committed in overruling exceptions and denying motions to strike those portions of the answer which assert the happening of such condition.

The bill of complaint filed by the Falsten Realty Company attempted to put a different construction upon the particular transaction between the parties from that which was attempted to be asserted by the answer of the defendants. In making their answer the defendants were not bound by the construction placed upon the transaction by the complainant. On the contrary, it was entirely proper for the defendants in answering the allegations of the bill on this subject to assert and set up in full detail their own version of the controversy, leaving to the court the making of an appropriate decree on the merits of the cause in accordance with equitable principles.

The order appealed from is affirmed and the cause remanded for further appropriate proceeding pursuant to equity practice and in accordance with this opinion.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.