**E. I. DU PONT DE NEMOURS & CO. v. BARGE CARRIERS, Inc., et al.**

No. 385–M.

District Court, S. D. Florida, Miami Division.

May 17, 1944.

Cody Fowler, of Tampa, Fla., for libelant.

McCune, Hiaasen & Fleming, of Ft. Lauderdale, Fla., for Barge Carriers, Inc.

Loftin, Calkins, Anderson, Scott & Preston, of Miami and Jacksonville, Fla., and Scott M. Loftin and Harold B. Wahl, both of Jacksonville, Fla., for Peninsular & Occidental S. S. Co. and Florida East Coast Car Ferry Co.

HOLLAND, District Judge.

This cause came on this day to be heard, after due notice and argument of counsel, on the exceptions to the libel filed by respondents, The Peninsular & Occidental Steamship Company and Florida East Coast Car Ferry Company.

The chief exception argued before the court is that the bill of lading, on which the libel is brought, shows on its face that it is a Master's Bill of Lading on Form War-Shiplading-7-1-42, designated by the War Shipping Administration of the United States of America, and that these respondents acted only as subagents for Barge Carriers, Inc., agent for the master of the Barge Lake Farge. Barge Carriers, Inc., the owner of the barge, is also named as a respondent herein.

Clearly, the libel is predicated on the Master's Bill of Lading attached thereto. The bill of lading was signed at Port Everglades, Florida, on September 5, 1942, as follows:

"For The Master
"By       Barge Carriers, Inc.      , Agent
for the Master, by Sub-Agents The Peninsular & Occidental Steamship Co.—Florida East Coast Car Ferry Co.
        "By       J. H. Costar, Agent
              "As Agents for the Master."

Paragraph No. 1(a) of the bill of lading provides:

"The Carrier shall be entitled to the full benefit of, and right to, all limitations of, or exemptions from, liability authorized by any provisions of Sections 4281 to 4286 of the Revised Statutes of the United States and amendments thereto [46 U.S.C.A. §§ 181–186] and of any other provisions of the laws of the United States or of any other country whose laws shall apply. If the ship is not owned by or chartered by demise to the War Shipping Administration or the Company designated herein (as may be the case notwithstanding anything that appears to the contrary) this bill of lading shall take effect only as a contract with the owner or demise charterer, as the case may be, as principal, made through the agency of the War Shipping Administration or the Company designated herein which acts as agent only and shall be under no personal liability whatsoever in respect thereof. If, however, it shall be adjudged that any other than the owner or demise charterer is carrier and/or bailee of the goods all limitations of and exonerations from liability provided by law or by the terms hereof shall be available to such other."

We have thus a situation where libelant sues these respondents on a bill of lading, signed by them as sub-agents, which bill of lading specifically provides that they act only as agents, and provides that there shall be no personal liability on them.

The law is settled that where an agent properly signs for a known principal, the name of the principal appears in the instrument, and it is evident from the writing as a whole that the intention was to bind the principal and not the agent, there is no liability on the part of the agent. See Whitney v. Wyman, 101 U.S. 392, 25 L.Ed. 1050; Parks v. Ross, 11 How. 362, 13 L.Ed. 730; Hitchcock v. Buchanan, 105 U.S. 416, 26 L.Ed. 1078; Falsten Realty Company v. Kirksey, 103 Fla. 225, 137 So. 267, 269; Hunt v. Adams, 111 Fla. 164, 149 So. 24; Tedder v. Riggin, 65 Fla. 153, 61 So. 244; and Blount v. Tomlinson, 57 Fla. 35, 48 So. 751. There is no allegation in the libel that the respondents here did not execute the bill of lading under due authority and, accordingly, on the record we have a case of an agent signing for a known principal.

Upon consideration, therefore, it is ordered that the exceptions of the respondents, The Peninsular & Occidental Steamship Company and Florida East Coast Car Ferry Company, be and the same are hereby sustained, and the libel is dismissed, at the cost of the libelant, as to said respondents.