330 So.2d 171 (1976)
MANUFACTURERS' LEASING, LTD., a Florida Limited Partnership, Appellant,
v.
FLORIDA DEVELOPMENT & ATTRACTIONS, INC., a Florida Corporation, and Walton McJordan, Appellees.
No. 74-1618.
District Court of Appeal of Florida, Fourth District.
March 26, 1976.
Rehearing Denied May 5, 1976.
John L. Graham, Jr. and Harland Tuck, of Giles, Hedrick & Robinson, P.A., Orlando, for appellant.
F.D. McKnight, Orlando, and Morgan S. Bragg, West Palm Beach, Yergey, Yergey & McKnight, Orlando, and Howell, Kirby, Montgomery, D'Aiuto & Dean, P.A., West Palm Beach, for appellees.
NESBITT, JOSEPH, Associate Judge.
Appellant, Manufacturers' Leasing, Ltd., as plaintiff (lessor), sued Florida Development & Attractions, Inc., defendant (lessee), for damages under a lease agreement and joined Walton McJordan, individually, as guarantor of the lease agreement. When the action came on for trial, without a jury, Florida Development did not appear or defend and consequently a money judgment was entered against it. That *172 judgment is not the subject of this appeal and Florida Development is not before this Court. The cause then proceeded solely against the guarantor, McJordan, who was President and a principal shareholder of Florida Development. At the close of all the evidence, the court entered an involuntary dismissal in favor of McJordan pursuant to RCP 1.420(b), consequent upon which the final judgment appealed from was entered. Dismissal of the plaintiff's action was prompted because the trial court found that McJordan was not personally bound by the guaranty running to the lessor. That ruling is challeged here by the appellant's assignments of error.
The first question is whether McJordan was personally bound by the guaranty contract which he executed. The contract in question was prepared by the lessor upon a printed form and submitted to McJordan for signature. The executed contract as signed was as follows:
 "INDIVIDUALS
 Walton McJordan, President
 Signature: /s/ Walton McJordan Pres
 Resident Address: 601 N. Ferncreek Ave.
 City & State: Orlando, Fla. 
 Telephone: 241-1032 
 Signature: ____________________________
 Resident Address: _____________________
 City & State: _________________________
 Telephone: ____________________________
 CORPORATION
 Legal Name: ___________________________
 By: _____________________________
 Title "
At trial, McJordan was permitted to testify over the lessor's objection that he did not read the document; that he considered himself as signing the guaranty in his representative capacity of the President of the lessee corporation and further it was not the policy of other principals of the lessee corporation to ever execute guaranty contracts individually. The lessor correctly contended below, as it does here, that the mere addition of descriptio personae to a signature does not exculpate the signatory party from responsibility. The rule is simply stated in Williston on Contracts, Third Edition, Vol. II, § 299:
"* * * [I]t is generally held that the mere addition of the word `agent' or such official designations as  `president,' `treasurer,' `secretary,' `trustee' and the like, in the absence of words in the body of the instrument showing a different intent, is to be treated as matter of description, and the agent or official is personally the contracting party."
This is the common law rule unless modified by statute.[1] Thus, in Falsten Realty Co. v. Kirksey, 1931, 103 Fla. 225, 137 So. 267, the Supreme Court stated that the addition of descriptio personae to an individual's name rendered him prima facie liable unless from a reading of the whole instrument an intent appears to bind only the principal. In this case, the guaranty contract sued upon specifically negated McJordan's execution of the guaranty contract in a representative capacity because it contained the following provision:
"The obligations of the undersigned hereunder are joint and several, and are independent of the obligations of the lessee." (emphasis supplied)
A party has a duty to learn and know the contents of a proposed contract before he signs and delivers it, and in the absence of exceptions not pertinent here is presumed to know and understand its contents, terms and conditions. 7 Fla.Jur., Contracts, § 17. Consequently, it was a classical violation of the parol evidence rule to admit testimony to enlarge or deviate from the clear and unambiguous terms of the instrument sued *173 upon in order to arrive at the true intentions of the parties. Bryant v. Food Mach. & Chem. Corp. Niagara Chem. Div., Fla. App.3d 1961, 130 So.2d 132. Bryant, supra, enumerates the reason for the rule:
"Courts cannot make contracts for parties and where agreements are unambiguous, they must be enforced in accordance with their terms."
The court having erred in admitting into evidence over appellant's objection McJordan's testimony as to his subjective intent in executing the guaranty agreement, the judgment is reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
OWEN and DOWNEY, JJ., concur.
NOTES
[1] The Uniform Commercial Code, F.S. 673.3-403(2) makes parol evidence admissible between the immediate parties to establish that an agent signed in his representative capacity. We expressly do not reach the applicability of that statute here because the instruments sued upon are not "negotiable" in character. See, F.S. 673.3-102(1)(e).