UNITED STATES of America, Plaintiff,

v.

Anthony J. DIEZ, Defendant.

Civ. A. No. 76–1408.

United States District Court,
E. D. Louisiana.

March 18, 1977.

Ernest V. Richards, IV, Bruce W. Dinwiddie, Metairie, La., for defendant.

L. P. Avery, Asst. U. S. Atty., New Orleans, La., for plaintiff.

ALVIN B. RUBIN, District Judge:

This case raises the issue of the dischargeability in bankruptcy of a debt due the United States on a postal service obligation when the address of the creditor was not properly given on the bankruptcy schedules.

I

In 1973 defendant Diez took two orders of stamps totalling $5,330 value on consignment from the United States Postal Service in Metairie, La. The order forms were signed only by the defendant without any indication that he was acting on behalf of anyone else.

The defendant later tendered two postdated checks to the United States Postal Service in payment for the stamps, but these were dishonored when they were presented for payment. The Postal Service has recovered stamps worth $304.40 from defendant and now seeks to collect the balance due. The defendant contends he incurred the debt for a corporation, Alto Office Furniture & Supplies, Inc., and not personally.

Two years later, the defendant filed a petition in bankruptcy. In his schedule of creditors he listed, among others, "U.S. Post Office, $5,000." No address for this creditor was given. The Clerk of the Bankruptcy Court wrote in the address of the main Post Office in New Orleans, Louisiana. Pursuant to 11 U.S.C. § 94(e) the clerk's office then mailed a notice to the main post office in New Orleans and to the District Director of Internal Revenue. Notice also was sent to the U.S. Attorney's Office in New Orleans pursuant to Bankruptcy Rule 203(g). The defendant was later discharged.

Both orders for stamps bear the signature of defendant without any indication that he was acting on behalf of Alto Office Furniture & Supplies, Inc., a corpo-

ration of which he was President.[1] It is irrelevant that the defendant intended to sell the stamps at Alto's place of business; he contracted the debt individually.

Defendant has not even alleged that the United States had notice that he was acting as agent for Alto Office Equipment, Inc., instead of on his own behalf. He contends that Postmistress Cunningham of the Metairie Post Office had actual notice, of this fact, but her ambiguous testimony is insufficient to establish it, particularly in the light cast by the written documents. See, *Cragin v. Lovell*, 109 U.S. 194, 3 S.Ct. 132, 27 L.Ed. 903; cf. *Instituto Cubano De Estabilizacion Del Azucar v. the SS Theotokos*, S.D.N.Y.1957, 155 F.Supp. 945.

## II

■ But Diez has been effectively discharged in bankruptcy from this debt. It was sufficiently listed, and notice of it was sufficiently given to satisfy the statutory requirements.

A discharge in bankruptcy releases a bankrupt from all his provable debts, except "such as . . . have not been fully scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings." 11 U.S.C. § 35(a)(3).

Whenever the schedules of the bankrupt disclose a debt to the United States "acting through any department, agency, or instrumentality thereof . . ." it is the duty of the court to send a notice "to the head of such department, agency, or instrumentality," 11 U.S.C. § 94(e), as well as to the U.S. Attorney for the district in which the case is pending and to the District Director of Internal Revenue.

Diez listed the United States Post Office on his schedule of creditors but did not list an address. The Clerk of Court wrote in the address of the main New Orleans branch and mailed a notice to that office as well as to the District Director of Internal Revenue and to the U.S. Attorney for the Eastern District of Louisiana.

The requirement that notice be given to the head of a department, agency or instrumentality to which a debt was due[2] was added to the statute by amendment July 3, 1951, c. 205, 65 Stat. 114. The legislative history of the amendment indicates that the purpose was "to make certain that notice of bankruptcy proceedings affecting claims of the government against a bankrupt shall be given to the appropriate representative of the Government so that the interest of the Government may be fully and timely protected." 2 U.S.Code Congressional and Administrative Service 1951, p. 1550 Letter of H. P. Chandler, Director of Administrative Office, U.S. Courts to Senator McCarron; *United States v. Golenberg*, N.D. Ohio, E.D. 1959, 175 F.Supp. 415.

The question, thus, is whether notice to one branch of the U.S. Postal Service suffices as notice to the head of the agency. The U.S. Attorney, who appears for the Postal Service in this action, does not suggest that the notice should have been mailed to the Postmaster General of the United States in his capacity as Chief Executive Officer of the Postal Service, Washington, D. C. It suggests that the head of the agency involved was the postmistress in Metairie. This is untenable. The debt was not due the postmistress of the Metairie

---

1. One who acts in the capacity of an agent for a disclosed principal is not liable for claims arising out of a contract executed by the agent on behalf of his principal. *Lake City Stevedores, Inc. v. East West Shipping Ag., Inc.*, 5th Cir. 1973, 474 F.2d 1060, 1063; *Strachan Shipping Co. v. Alexander Eccles & Co.*, 5th Cir. 1928, 25 F.2d 361. Restatement of Agency 2d SS 320, 328 (1958); 2 Williston on Contracts, 288 (1959).

2. A number of state courts have held that a debt was not duly scheduled where the bankrupt omitted the residence or entire address of the creditor and did not state that such address was unknown. See, e. g. *Marlenee v. Warkentin*, 1945, 71 Cal.App.2d 177, 162 P.2d 321; 68 A.L.R.2d 967. But here, as has been pointed out, the creditor was named. An address was supplied, albeit by the clerk, and a notice was sent. The situation would be different if the creditor were unknown to the bankruptcy court and received no notice.

Branch; it was due the Postal Service of the United States. That service is but a single agency.

Moreover, the address was supplied by the Clerk of the Bankruptcy Court, not the debtor. We do not consider what the situation would have been had the debtor himself refused to furnish an address or submitted an erroneous one. The clerk knew or should have known, better than the debtor, the identity of the head of the agency. Notice was actually given to and received both by the main New Orleans Post Office and by the U.S. Attorney. If either or both of them failed to forward the notice to the head of the agency, that failure should not deprive the debtor of his discharge. Finally, the United States has not shown that any prejudice to the Postal Service resulted from its failure to receive technically correct notice. Had it received notice, the debt would still have been discharged, for no obstacle to its dischargeability is shown; and no distribution to the United States would have been made. The estate consisted of $868.50, in addition to the costs of administration. All of this was distributed to a single priority creditor, the Small Business Administration. If the debt has not been discharged, the technical defect in the notice will result in improving the position of the Postal Service. In one case notice to one portion of an agency has been held ineffective as notice to another portion of the same agency. *U. .S. Metal Products v. United States*, E.D.N.Y.1969, 302 F.Supp. 1263. The factual circumstances in that case were significantly different; the debtor had been instructed that all correspondence should be directed to the subagency that he failed to notify; while actual notice was given to one subagency there was apparently prejudice to the United States as a result of the failure of the appropriate subagency to receive notice.

In the case at hand Diez was under no such explicit instructions as to what section of the Postal Service should receive notice. Unlike the corporation in Metal Products, Diez listed his actual creditor on his bankruptcy petition. We reach no absolute de-

termination that notice to any branch of the Postal Service is notice to its head. Instead, the determination is that, under all of the circumstances of this case, including the lack of prejudice to the U.S. Postal Service as a result of the debtor's failure to give notice to its head, the notice was adequate.

For these reasons, the debt has been discharged. Judgment will be entered for the defendant.