694 So.2d 774 (1997)
Larry R. MOSCHINI, Appellant/Cross-Appellee,
v.
INTER-GOLD ITALIA, INC., a Florida corporation, and others, Appellees/Cross-Appellants.
No. 96-02070.
District Court of Appeal of Florida, Second District.
April 25, 1997.
Rehearing Denied May 29, 1997.
Catherine B. Bowles of Catherine B. Bowles, P.A., Sarasota, and Henry P. Trawick of Henry P. Trawick, P.A., Sarasota, for Appellant/Cross-Appellee.
Daniel Joy and Michael Moran of Law Office of Michael Moran, Sarasota, and Gregg Horowitz of Gregg Martin Horowitz, P.A., Sarasota, for Appellees/Cross-Appellants.
*775 PER CURIAM.
In this suit on a promissory note, the lender, Larry Moschini, appeals the trial court's order granting a new trial after a jury verdict in his favor. In addition, Inter-Gold Italia, Inc., a party whom the lender claims is liable on the note and the only defendant remaining at trial, appeals the denial of its motion for directed verdict and other motions. We reverse the denial of Inter-Gold's motion for directed verdict because the undisputed evidence establishes that the parties to the promissory note did not intend to bind Inter-Gold. This ruling renders moot the remaining issues on appeal.
The promissory note was signed by Pietro Moschini, individually and on behalf of Moschini Jewelry. Larry Moschini contended that, when Pietro Moschini signed the note on behalf of Moschini Jewelry, he also bound Inter-Gold which was holding itself out in the community as doing business as Moschini Jewelry. Larry Moschini's claim against Inter-Gold is governed by section 673.4021(1), Florida Statutes (1993):
If a person acting, or purporting to act, as a representative signs an instrument by signing either the name of the represented person or the name of the signer, the represented person is bound by the signature to the same extent the represented person would be bound if the signature were on a simple contract. If the represented person is bound, the signature of the representative is the "authorized signature of the represented person" and the represented person is liable on the instrument, whether or not identified in the instrument.
There is no indication on the note that it is an obligation of Inter-Gold or that Pietro Moschini signed it in a representative capacity. Furthermore, Larry Moschini admitted that the first draft of the promissory note, which was prepared by his attorney, included Inter-Gold as a signatory and that Pietro Moschini refused to sign the note until Inter-Gold was deleted from the instrument. Pietro Moschini told Larry Moschini that he could not and would not sign the note for Inter-Gold. Larry Moschini's attorney deleted Inter-Gold as an obligor on the instrument and Pietro Moschini then signed the note. These uncontroverted facts require the conclusion that Inter-Gold was not, and was never intended to be, a maker or obligor of the note. Therefore, it was error for the trial court to deny Inter-Gold's motion for directed verdict.
Accordingly, we reverse and remand with directions that Inter-Gold's motion for directed verdict be granted.
CAMPBELL, A.C.J., and ALTENBERND and FULMER, JJ., concur.