POLEN, J.
Jo Ann La Londe Rios, Donald La Londe, and ROSL, Inc. appeal from a judgment entered after a bench trial which nullified a conveyance of real property for being improperly executed and directed its sale to satisfy a prior judgment obtained by James Des Jardins. Among other issues, they argue that the trial court erred in holding them jointly and severally liable for any deficiency on the prior judgment that could exist after the sale of the property. We agree only as to this issue and thus affirm in part and reverse in part.
La Londe, as president of ROSL, signed a promissory note on April 10, 1993 acknowledging a $25,000 debt to Des Jar-dins. By the note, La Londe and ROSL agreed to be jointly and severally liable for the debt. La Londe and ROSL were the only signors to the note. The note was due and payable on April 10, 1994. After ROSL failed to pay off the note, Des Jar-dins filed suit against ROSL and obtained a summary judgment on January 26, 1998 for $25,000 plus interest.
Des Jardins then filed a second suit against Rios, La Londe, and ROSL on April 5, 1998. He alleged that La Londe fraudulently transferred real property owned by ROSL to his married daughter, Rios, to prevent him from recovering on the prior judgment. He requested that the court order the transfer be set aside and the property sold to satisfy the prior judgment.
Following a trial, the court entered judgment in favor of Des Jardins. It found that the disputed conveyance was a nullity because it was not properly executed. It then ordered the property sold and the proceeds to go to Des Jardins to satisfy the prior judgment. It also held Rios, La Londe, and ROSL jointly and severally liable for any deficiency that could result from the sale. This timely appeal followed.
Appellants argue that Rios should not have been held jointly and severally liable for such deficiency. We agree. Where a president of a corporation signs a note on behalf of the corporation and the note patently indicates that the undersigned shall be jointly and severally liable, then both the president and corporation may be held jointly and severally liable on the note. See Manufacturers’ Leasing, Ltd. v. Florida Dev. & Attractions, Inc., 330 So.2d 171, 172 (Fla. 4th DCA 1976)(holding the guaranty contract sued upon specifically negated the president’s execution of the lease guaranty contract in a representative capacity because it contained a provision stating that the obligations of the undersigned are joint and several and independent of the obligations of the lessee). Where a third-party does not sign the note, however, and the signatory does not sign in representative capacity of the third-party, the third-party is not liable on the note. Moschini v. Inter-Gold Italia, Inc., 694 So.2d 774, 775 (Fla. 2d DCA 1997). Here, the record shows that the promissory note contained language stating that “the undersigned joint and severally” promises pay off the debt. It also shows that La Londe signed the note, as president of ROSL; he did not sign on, behalf of Rios. Thus, under the facts of this case, we hold it was proper for the court to hold La Londe and ROSL jointly and severally liable, but not Rios. Accordingly, we reverse.
With respect to the remaining points raised on appeal, we affirm as unpersuasive.
AFFIRMED IN PART, REVERSED IN PART.
FARMER and HAZÓURI, JJ., concur.